# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-204-FDW

| | |
|---|---|
| TIMOTHY UZZELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU MURRAY, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. § 1915(e)(2). Plaintiff has been granted in forma pauperis status. (Doc. No. 5).

## I. BACKGROUND

Pro se Plaintiff Timothy Uzzell, a North Carolina inmate incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on November 6, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following four Defendants, all identified as correctional officers at Alexander at all relevant times: (1) FNU Murrray; (2) FNU Nichols; (3) FNU Daves; and (4) FNU Blanton. Plaintiff alleges that Defendants used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment rights while he was incarcerated at Alexander on March 27, 2015. Plaintiff alleges the following facts to support his claim:

> On the date of 3/27/2015 at approximately 2 p.m. I was escorted out of my cell by Lt. Nichols, Officer Daves, Officer Murray, and Officer Blanton to the upstairs shower. After Officer Daves secured the shower door by locking it with me opened the trap door to take the handcuffs off of me. A brief struggle happened and Officer Blanton along with Officer Murray and Lt. Nichols helped subdue my

1

> arms while Officer Blanton and Officer Daves held my left arm. Lt. Nichols and Officer Murray began to bend my fingers trying to break them. As I began to tell for him to stop Lt. Nichols said to Officer Murray to not break all of my fingers just 1 and maybe one more. At that time Officer Murray took my index finger and began pulling it towards my thumb while puling my other 3 fingers in the opposite direction, splitting the webbing in between my fingers. I had to get stitches as well as now physical therapy caused by damaged nerves in my hand from the excessive force that was used. A violation of my Eighth Amendment.

(Doc. No. 1 at 3-4). Plaintiff seeks compensatory damages. (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of

pain," Whitley v. Albers, 475 U.S. 312, 319 (1986).  To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind.  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm."  Albers, 475 U.S. at 320-21.  Furthermore, the Supreme Court has reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."  Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010).  In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, this action survives initial screening as to Plaintiff's excessive force claim.

3

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review.

2. The Clerk shall send Plaintiff a summons forms to fill out so that service may be made on Defendants. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: December 5, 2017

Frank D. Whitney
Chief United States District Judge