# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-00204-FDW

| | |
|---|---|
| TIMOTHY UZZELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU MURRAY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion.

In reviewing the docket report in this matter, it appears to the Court that two Defendants, Defendants FNU Murray and FNU Blanton, have not been served with summons or filed waivers of service. On December 20, 2017, summonses for all Defendants were issued electronically to the U.S. Marshal for service on all Defendants. On January 5, 2019, summonses for Defendants FNU Murray and FNU Blanton were returned unexecuted. [Docs. 9, 10]. On January 11, 2019, the Court ordered that the Clerk of Court was to commence the procedure for service as set forth in new Local Rule 4.3 for Defendants Murray and Blanton, who were current or former employees of the NCDPS. [Doc. 29].

On March 8, 2019, the NCDPS filed a document under seal indicating it was unable to procure a waiver of service for Defendants Murray and Blanton because these Defendants are no longer employed with the agency. The sealed document provides these Defendants last known addresses. [Doc. 32].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action

subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDPS, no waivers from Defendants Murray or Blanton were obtained. As such, it does not appear that these Defendants actually ever received service of process. With the additional information supplied for service on Defendants Murray and Blanton, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 32 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Murray and Blanton.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of Court will send a copy of this Order and Docket No. 32 to the U.S. Marshals Service.

(2) The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Murray and Blanton in accordance with Rule 4.

**IT IS SO ORDERED.**

Signed: May 31, 2019

Frank D. Whitney
Chief United States District Judge